# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SRAM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| GLENN SHOEMAKER, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff SRAM, LLC ("SRAM") and for its Complaint against Defendant Glenn Shoemaker ("Defendant Shoemaker"), states as follows:

## PARTIES

1. SRAM is a limited liability company organized and existing under Delaware law and has its principal place of business at 1000 West Fulton Market, 4th Floor, Chicago, Illinois 60607.

2. On information and belief, Defendant Shoemaker is an individual residing at 1527 Justice Drive, Crown Point, Indiana 46307.

## JURISDICTION AND VENUE

3. This is a civil action brought by SRAM for unfair competition, trademark infringement, copyright infringement, conversion, trespass to chattel and replevin committed by Defendant Shoemaker and arising under State law and the laws of the United States, specifically, Titles 15 and 17 of the United States Code, and seeking monetary damages and injunctive relief.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 & 1338, as well as 15 U.S.C. § 1121.

2235423

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6. A substantial part of the events giving rise to SRAM's claims occurred in this District in that, among other things, Defendant Shoemaker sells bicycle components in the United States and in this District through at least an active eBay website and upon information and belief other means.

## BACKGROUND

7. SRAM is a leader in the manufacture and sale of the highest quality bicycle components.

8. SRAM is the owner by assignment of all right, title, and interest in and to numerous images of its bicycle component products, including but not limited to U.S. Copyright Reg. No. VA0002067808 ("Copyrighted Material") for:

.

9. SRAM additionally is the owner of federal trademark registrations for the marks "SRAM" (including U.S. Reg. No. 2,056,661), "ROCK SHOX" (including U.S. Reg. Nos. 1,654,275 and 1,704,807), and "GXP" (including U.S. Reg. No. 3,973,567), for use in connection with bicycle components, among others ("Trademarks").

10. SRAM has never authorized Defendant Shoemaker, directly or indirectly, to represent any affiliation with SRAM or to sell SRAM products and has not authorized Defendant Shoemaker to use for any purpose the Trademarks or Copyrighted Material.

11. Defendant Shoemaker has obtained, upon information and belief through unlawful process and contrary to the ownership rights of SRAM, numerous SRAM bicycle components that were not released by SRAM or any agent of SRAM for commercial sale, but instead are known or believed to have been sent for destruction ("Non-Saleable Products").

12. Defendant Shoemaker, sometimes operating under the name "giftsfourless," has and continues to offer for sale and sell the Non-Saleable Products to the public on at least eBay via his personal account.

13. Defendant Shoemaker has sold and profited from the wrongful sale of the Non-Saleable Products.

14. In promotion of those wrongful sales, Defendant Shoemaker has reproduced, distributed, or publicly performed (or caused to be reproduced, distributed, or publicly performed) a substantial portion of SRAM's Copyrighted Material. Additionally, without license, authorization, permission or consent, Defendant Shoemaker has used and continues to use the Trademarks in connection with the sale of the Non-Saleable Products, causing confusion as to source and false designation of origin, dilution, and harm to SRAM.

15. Defendant Shoemaker's unauthorized use of SRAM's Copyrighted Material and Trademarks, and offer for sale and sale of the Non-Saleable Products belonging to SRAM, include, by way of example:



16. Defendant Shoemaker does not have any license, authorization, permission, or consent to use the Copyrighted Material or Trademarks.

17. Defendant Shoemaker is using SRAM's Copyrighted Material and Trademarks to assist selling the Non-Saleable Products on his personal eBay account with a bad faith intent to profit from such sales contrary to the ownership rights of SRAM.

18. In June and August of 2017, SRAM attempted to contact Defendant Shoemaker requesting that he cease his activity and providing an opportunity to stop selling or reselling the Non-Saleable Products in violation of SRAM's rights. Defendant Shoemaker refused to respond.

19. Defendant Shoemaker continues willfully to ignore SRAM's demands, and continues to use the Trademarks and Copyrighted Material, and to sell the wrongfully obtained Non-Saleable Products.

## COUNT I
### (Copyright Infringement, 17 U.S.C. §§ 106 & 501)

20. SRAM hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 19 of this Complaint.

21. Defendant Shoemaker has infringed and continues to infringe SRAM's copyright in the Copyrighted Material in violation of Sections 106 & 501 of the Copyright Act, 17 U.S.C. §§ 106 & 501.

22. Defendant Shoemaker's acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to SRAM's rights.

23. On information and belief, Defendant knew of SRAM's rights in the Copyrighted Material before the initiation of the present action and therefore Defendant Shoemaker's actions have been both willful and deliberate.

24. Defendant Shoemaker will continue willfully to infringe SRAM's copyrights unless enjoined by this Court, which has resulted and will continue to result in irreparable harm to SRAM.

25. As a direct and proximate result of the infringement by Defendant Shoemaker of the Copyrighted Material, SRAM has been and continues to be damaged in an amount yet to be determined.

## COUNT II
### (Violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a))

26. SRAM hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 25 of this Complaint.

27. SRAM owns federal registrations and common-law trademark rights in the marks "SRAM," "ROCK SHOX" and "GXP," among others, in connection with bicycle components.

28. Defendant Shoemaker has offered for sale in interstate commerce bicycle components, many of which were wrongfully obtained by Defendant Shoemaker, that are marked with trademarks owned by SRAM or otherwise misusing the Trademarks.

29. Defendant Shoemaker's offers for sale of Non-Saleable Products marked with and misusing the Trademarks falsely suggest that SRAM is the source of, endorses, or is otherwise associated with the sale of the Non-Saleable Products, which it is not.

30. Defendant Shoemaker's offers for sale of the Non-Saleable Products constitute false or misleading descriptions of fact, or false or misleading representations of fact, in commercial advertising or promotion and in commerce.

31. Defendant Shoemaker's offers for sale of the Non-Saleable Products marked with the Trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,

5

connection, or association of Defendant Shoemaker with SRAM, or as to the origin, sponsorship, or approval of the Non-Saleable Products by SRAM.

32. Defendant Shoemaker's offers for sale of certain goods marked with the Trademarks, in commercial advertising or promotion, misrepresent the nature, characteristics, qualities, or geographic origin of Defendant Shoemaker's business.

33. Defendant Shoemaker's actions are likely to cause confusion among, cause mistake by, or deceive consumers of bicycle components.

34. Defendant Shoemaker's false and misleading commercial advertising and promotion, which were and are made in bad faith, violate Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

35. As a direct and proximate result of Defendant Shoemaker's aforementioned actions, SRAM has been damaged, will continue to be damaged, and has and will continue to cause irreparable injury unless Defendant Shoemaker is enjoined by this Court.

## COUNT III
### (Conversion, Trespass to Chattel, and Replevin)

36. SRAM hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 35 of this Complaint.

37. SRAM manufactured the Non-Saleable Products and is the lawful owner of the property.

38. Upon information and belief, Defendant Shoemaker obtained the Non-Saleable Products through dispossession or intermeddling of SRAM's products from SRAM or its agents as certain of the Non-Saleable Products were in transit or stored for destruction.

39. Defendant Shoemaker has and continues to unlawfully exercise authority and possession over the Non-Saleable Products to the exclusion of SRAM by taking the Non-Saleable

Products without SRAM's consent and/or barring SRAM's access and possession to the Non-Saleable Products through his refusal to respond to SRAM's requests to cease his activity.

40. Defendant Shoemaker has also altered and/or damaged certain of the Non-Saleable Products by transferring them to unknown persons via sale on his personal eBay site.

41. SRAM has and will continue to be harmed by the alteration, transfer, and inability to gain possession of its property in the form of the Non-Saleable Products.

## REQUEST FOR RELIEF

WHEREFORE, SRAM respectfully prays for judgment against Defendant Shoemaker as follows:

A. For a judgment holding Defendant Shoemaker liable for infringement of the Trademarks and Copyrighted Material;

B. For an award of damages adequate to compensate SRAM for Defendant Shoemaker's infringement, as found or otherwise permitted by law;

C. For an accounting of, and the imposition of constructive trust with respect to, Defendant Shoemaker's profits attributable to his infringement of the Copyrighted Material;

D. For an order of destruction and/or return of the Non-Saleable Products;

E. For a preliminary and permanent injunction prohibiting Defendant Shoemaker, and his respective agents, servants, employees, officers, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe SRAM's Trademarks and copyright in the Copyrighted Materials;

F. For a preliminary and permanent injunction prohibiting sale by Defendant Shoemaker of any unlawfully obtained products bearing any of SRAM's Trademarks, including the Non-Saleable Products, at any time;

G. For prejudgment and post-judgment interest according to law;

H. For SRAM's attorneys' fees, costs, and disbursements in this action;

I. For additional injunctive relief against Defendant Shoemaker, his officers, agents, servants, employees and attorneys and all other persons in active concert or

participation with him requiring appropriate corrective advertising to counter the effects of his Lanham Act violations;

J. For an award of damages based on Defendant Shoemaker's profits, pursuant to 15 U.S.C. § 1117;

K. For an award of the damages SRAM has sustained as a consequence of Defendant Shoemaker's false and misleading statements, pursuant to 15 U.S.C. § 1117 and other applicable law;

L. For an award of up to three times the amount of actual damages, pursuant to 15 U.S.C. § 1117;

M. For an award of up to three times Defendant Shoemaker's profits or SRAM's damages, whichever amount is greater, pursuant to 15 U.S.C. § 1117;

N. For an award, at SRAM's election, of statutory damages of up to $2,000,000 per counterfeit, pursuant to 15 U.S.C. § 1117;

O. For an award of SRAM's costs of this action and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117 and other applicable law;

P. For an order of replevin and return of the Non-Saleable Products;

Q. For punitive damages as allowed by law; and

R. For further relief as this Court deems SRAM may be entitled to in law and in equity.

## JURY DEMAND

SRAM demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: September 29, 2017

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ *Richard B. Walsh, Jr.*
Richard B. Walsh, Jr. (No. 6187007)
Bridget G. Hoy (No. 6276555)
600 Washington Ave., Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7722
Facsimile: (314) 241-6056
rwalsh@lewisrice.com; bhoy@lewisrice.com

SAUL EWING ARNSTEIN & LEHR LLP
Joseph M. Kuo (No. 6216400)
161 N. Clark, Suite 4200
Chicago, IL  60601
Telephone:  (312) 876-7151
Facsimile:  (312) 876-6282
JMKuo@arnstein.com

*Attorneys for Plaintiff SRAM, LLC*